United States Bankruptcy Court
Eastern District of Michigan
Southern Division

In re:
Deborah A. Lovell,
    Debtor.
_____/

Case No. 10-62081-R
Chapter 13

**Opinion Sustaining Trustee's Objection to Confirmation**

I.

Spouses, Deborah and Timothy Lovell, filed separate Chapter 13 cases because their combined unsecured debt exceeded the debt limit of § 109(e). Timothy Lovell's unsecured debt is $355,438. Deborah Lovell's unsecured debt is $112,933. Deborah Lovell is unemployed. She proposed a plan paying $250 per month for 60 months. Her husband is funding her plan.

The trustee objected to confirmation of Deborah's plan, arguing that she is not eligible to be a debtor because she is not an individual with regular income. The Court requested briefs from the parties on the following issues: 1) whether Deborah is an individual with regular income; 2) if so, whether the cases should be jointly administered; or 3) whether the cases should be substantively consolidated.

Subsequently, the Court issued an oral decision sustaining the trustee's objection to confirmation. This opinion supplements that decision.

II.

Deborah contends that she receives income in the nature of contributions from her husband. She argues that she provides a service to him because she drives him to work when his medical condition prevents him from driving. She further contends that her regular income is evidenced by

the fact that she has made all plan payments in a timely manner.

Deborah does not object to joint administration, as long as the interests of the creditors of each estate is protected. Deborah opposes substantive consolidation.

The trustee contends that Deborah cannot rely upon contributions from her husband to fund her plan because all of his disposable income must be used to fund his plan. Therefore, the trustee asserts, Deborah is not an individual with regular income.

Alternatively, the trustee contends that the cases should be jointly administered. The trustee argues that will promote administrative convenience because the cases will be administered by a single docket and there will be a single plan, single set of schedules, and single issuance of notices.

The trustee contends that substantive consolidation is not appropriate.

### III.

11 U.S.C. § 109(e) provides:

> Only an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $360,475 and noncontingent, liquidated, secured debts of less than $1,081,400, or an individual with regular income and such individual's spouse, except a stockbroker or a commodity broker, that owe, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts that aggregate less than $360,475 and noncontingent, liquidated, secured debts of less than $1,081,400 may be a debtor under chapter 13 of this title.

11 U.S.C.A. § 109(e) (footnotes omitted).

An "[i]ndividual with regular income" is defined in the Bankruptcy Code as an "individual whose income is sufficiently stable and regular to enable such individual to make payments under a plan under chapter 13 . . . ." 11 U.S.C. § 101(30).

"The test for regular income is not the type or source of income, but rather its regularity and

2

stability." *In re Sigfrid*, 161 B.R. 220, 221 (Bankr. D. Minn. 1993) (citations omitted). In recognizing that "Congress intended the term 'regular income' as used in sections 101(30) and 109(e), to be interpreted broadly." *In re Antoine*, 208 B.R. 17, 19 (Bankr. E.D.N.Y. 1997) Courts have found sufficient income in cases of support derived from "welfare, pensions, investment income, self-employment and other regular sources." *Id.* (citations omitted). "The cases that have addressed the subject of nondebtor spouse contributions to the income of the debtor spouse overwhelmingly agree that, assuming the required evidence of regularity and stability is provided, such contributions constitute income of the debtor for purposes of the debtor's Chapter 13 eligibility." *In re Bottelberghe*, 253 B.R. 256, 260 (Bankr. D. Minn. 2000).

The difference between the cases cited and the case before the Court here is that here, the "non-debtor spouse" who is funding the debtor's plan, is actually a debtor in his own case.

The trustee relies on *In re Gestring*, 91 B.R. 870 (Bankr. E.D. Mo. 1988). There, the debtor was unemployed and proposed to fund her plan with contributions from her spouse, who had also filed his own chapter 13 case. The Court concluded, without analysis, that the debtor was not an individual with sufficiently regular income.

There do not appear to be any other cases directly on point. However, because the debtor husband is now obligated to pay all of his disposable income into his own chapter 13 plan, he cannot use a portion of his income to pay his wife's creditors by funding her plan. The Court therefore concludes that Deborah is not an individual with regular income.

The trustee's objection to confirmation is sustained.

For Publication

3

**Signed on March 24, 2011**

                  /s/ Steven Rhodes
                **Steven Rhodes**
                **United States Bankruptcy Judge**